**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| 1) SHELLEY JACKSON, an individual,<br><br>      **Plaintiff,**<br><br>v.<br><br>1) ELYNX TECHNOLOGIES, LLC, an Oklahoma limited liability company,<br>2) SAMANTHA MCPHETER, an individual,<br><br>      **Defendants.** | Case No. 4:20-cv-00344-GKF-FHM |

## COMPLAINT

Plaintiff Shelley Jackson, an individual ("Shelley"), by and through her counsel of record, and for her Complaint against Defendant eLynx Technologies, LLC, an Oklahoma limited liability company ("eLynx"), and Defendant Samantha McPheter, an individual ("Samantha") (together, the "Defendants"), brings this Complaint under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001, *et seq.*, and in support of her Complaint, states and alleges as follows:

### I. PARTIES

1. Plaintiff Shelley Jackson, an individual, is a resident of Charlotte, North Carolina.

2. Defendant eLynx Technologies, LLC is an Oklahoma limited liability company with its principal place of business located at 2431 East 61st Street, Suite 700, Tulsa, Oklahoma 74105. The members of eLynx are citizens of the State of Oklahoma.

3. eLynx provides an employee benefit plan as defined by 29 U.S.C. § 1003 and, therefore, is governed by ERISA, 29 U.S.C. §§ 1001, *et seq.*

4. Defendant Samantha McPheter, an individual, is a resident of Tulsa County, Oklahoma and is the current CEO of eLynx.

## II. JURISDICTION AND VENUE

Plaintiff realleges and restates Paragraph one (1) through four (4) above as if set forth fully herein and further alleges and states as follows:

5. This Court has jurisdiction of the claims of this action pursuant to 28 U.S.C. §§ 1331 and 1367.

6. Venue is proper in this judicial district.

## III. FACTUAL ALLEGATIONS

Plaintiff realleges and restates Paragraph one (1) through six (6) above as if set forth fully herein and further alleges and states as follows:

7. Shelley is the widow of Stephen E. Jackson ("Stephen"). Shelley and Stephen were married for fifty (50) years.

8. Stephen took his own life on January 27, 2020 as a resident of Tulsa County, Oklahoma. Stephen's probate estate is currently pending in case number PB-2020-165 before the Tulsa County District Court. A related trust action is also pending in case number PT-2020-27 before the Tulsa County District Court.

9. At the time of his death, Stephen and Shelley were engaged in a divorce action S. JACKSON v. S. JACKSON, FD-2018-2939 filed 12/18/2018, which was not resolved prior to January 27, 2020 when Stephen took his own life. Shelley is Stephen's surviving spouse.

10. Shelley was forced to file for divorce as a result of Stephen's increasingly erratic and destructive behavior which was in whole or in part due to mental illness as well as chemical addiction.

11. Until December of 2019, shortly before his death Stephen was the CEO of eLynx. eLynx provides an employee benefit plan as defined by 29 U.S.C. § 1003 and, therefore, is governed by ERISA. Stephen was a participant of that employee benefit plan (the "401K Plan").

12. Upon information and belief, on or about April 15, 2019, Stephen attempted to alter the beneficiary designation of the 401K Plan, unilaterally removing Shelley and likely designating the Stephen E. Jackson Foundation as the new beneficiary.

13. Under 29 U.S. § 1055(a), every employee benefit plan under ERISA "shall provide that . . . in the case of a vested participant who dies before the annuity starting date and who has a surviving spouse, a qualified preretirement survivor annuity shall be provided to the surviving spouse of such participant."

14. While a participant under an employee benefit plan may change the beneficiary designation under a plan, the beneficiary designation "**may not be changed without spousal consent** . . . ." 29 U.S. § 1055(c)(2)(A)(i). (emphasis added). eLynx and its executive officers know or should know of this provision of federal law.

15. Shelley did not provide any consent whatsoever to any alteration of the beneficiary on or about April 15, 2019. Therefore, Stephen's purported beneficiary change was invalid and of no effect as a matter of federal law.

16. Since Stephen's passing, Shelley has attempted to obtain plan documents and information from eLynx in order to obtain survivor benefits owed to her under the 401K Plan as Stephen's surviving spouse. Specifically, Shelley, through counsel, has made request in writing to eLynx's attorney for 401K Plan information on two separate occasions. The first written request to eLynx's attorney was dated May 19, 2020 and requested Plan information including documents

3

necessary to obtain survivor benefits. eLynx's attorney wrote back to refuse the request to provide any information.

17. The second written request was sent to eLynx's counsel on June 24, 2020. [Exhibit 1, Nowlin to eLynx Counsel 6/24/20].

18. In response to the second written request for 401k Plan information, eLynx's counsel wrote back on June 24, 2020, "After the aberrational behavior and destructive conduct of your client from the outset, don't ever ask us to do anything to 'build confidence'. That's truly ridiculous. your request is rejected." [Exhibit 2, 6/24/20 E-Mail to Nowlin from eLynx Counsel].

19. Shelley is nearly seventy-five years old. Shelley has survived her husband of fifty years. Shelley is not "aberrational" and is entitled as a matter of equity and federal law to information necessary to claim benefits to which she is entitled under federal law. In any event, eLynx's response is not a valid basis to refuse Shelley's request for 401K plan information.

20. On information and belief, Samantha McPheter as CEO of eLynx is responsible for the conduct of eLynx's legal counsel in refusing to provide 401k Plan documents to Shelley.

21. eLynx's refusal to provide 401K Plan documents and information to Shelley is in breach of its fiduciary duties.

22. Further, eLynx's refusal to provide 401K Plan information to Shelley is actively preventing Shelley from obtaining accrued and absolutely owing survivor benefits to Shelley under the 401K Plan.

23. eLynx also breached its fiduciary duties by allowing the purported beneficiary designation change on or about April 15, 2019, contrary to the terms of the plan and ERISA.

24. Shortly before Stephen's death, Defendant Samantha McPheter, an employee of eLynx and close family friend for decades, coerced Stephen to step down as CEO. Samantha used

her influence over Stephen to convince him to resign and permit Samantha to assume the position of CEO herself. Coincidentally, Samantha is also a Co-Trustee of the Stephen E. Jackson Foundation, which is understood to be the entity which eLynx prefers to receive all 401k benefits.

25. As CEO of eLynx, Samantha owes a fiduciary duty under ERISA to act solely in the best interests of plan participants including their survivors such as Shelley.

26. In the same manner that eLynx has breached its fiduciary duties under ERISA, Samantha has also breached her fiduciary duties under ERISA as CEO.

27. Further, a present conflict of interest exists between Samantha's fiduciary duties as CEO of eLynx and her role as Co-Trustee of the Stephen E. Jackson Foundation. Specifically, Samantha's fiduciary duty to act solely in the best interests of plan participants is in direct conflict with her position as Co-Trustee of the Foundation, the likely purported beneficiary of the 401K Plan. Notably, Samantha has not disclosed to the Tulsa County Court nor taken any action to request Court instructions regarding her conflict of interest.

28. Furthermore, Samantha in her personal capacity is also engaged in a separate conflict of interest, in which she utilizes eLynx resources to preserve and promote her husband and brother's attempts to purchase Capital Waste Solutions, an asset in which Shelley holds a financial interest as surviving spouse. This conflict is subject to separate litigation in Oklahoma state court, but is relevant as it provides further improper motive for Samantha to deny Shelley information and plan benefits to which she is entitled under federal law

29. The 401k Plan sponsored by eLynx subject of this Complaint is believed to contain over $500,000 in cash and securities.

## IV.     CAUSES OF ACTION

### COUNT 1
### BREACH OF FIDUCIARY DUTY
### eLynx Technologies, LLC

Plaintiff realleges and restates Paragraph one (1) through twenty-nine (29) above as if set forth fully herein and further alleges and states as follows:

30. eLynx owes certain fiduciary duties under ERISA to provide plan documents and information to Shelley upon request and to stop the plan from continuing any act or practice that violates the terms of the plan or ERISA.

31. eLynx has breached its fiduciary duties by failing and refusing to provide plan documents and information to Shelley upon request.  eLynx has also breached its fiduciary duties by allowing the purported beneficiary designation change, contrary to the terms of the plan and ERISA.  Finally, eLynx has breached its fiduciary duties by ultimately preventing Shelley from obtaining survivor benefits owed to Shelly under the 401K Plan.

32. As a direct result of eLynx's breach of fiduciary duties, Shelley has suffered damages in an amount to be determined at trial.

### COUNT 2
### BREACH OF FIDUCIARY DUTY
### Samantha McPheter

Plaintiff realleges and restates Paragraph one (1) through thirty-two (32) above as if set forth fully herein and further alleges and states as follows:

33. As CEO of eLynx, Samantha owes certain fiduciary duties under ERISA to act solely in the best interests of plan participants.

34. Samantha has breached her fiduciary duties by and through eLynx's failure to provide plan documents and information to Shelley upon request.  Samantha has also breached her fiduciary duties by allowing the purported beneficiary designation, contrary to the terms of the

plan and ERISA. Further, Samantha has breached her fiduciary duties by ultimately preventing Shelley from obtaining survivor benefits owed to Shelly under the 401K Plan. Finally, Samantha has breached her fiduciary duties by knowingly engaging in a conflict of interest, by not acting solely in the best interest of plan participants, and by actively leveraging inheritance issues against Shelley to attempt to force her into actions not in the best interest of the Plan's participant survivors, such as selling or forgoing her interest in Capital Waste Solutions, LLC or other estate or trust benefits.

35. Samantha has breached her fiduciary duties, not because she is acting in the interest of eLynx which has an obligation to provide this information under ERISA, but because she is acting for her personal interest.

36. As a direct result of Samantha's breach of fiduciary duties, Shelley has suffered damages in an amount to be determined at trial.

## COUNT 3
## DECLARATORY JUDGMENT
### eLynx Technologies, LLC and Samantha McPheter

Plaintiff realleges and restates Paragraph one (1) through thirty-six (36) above as if set forth fully herein and further alleges and states as follows:

37. There exists an actual case or controversy as between Shelley and Defendants regarding Defendants' refusal to provide Shelley with plan documents and information and benefits in compliance with ERISA.

38. Pursuant to 28 U.S.C. §§ 2201, *et. seq.*, Shelley seeks a declaratory judgment ordering Defendants to provide Shelley with plan documents and information regarding the 401k Plan. Additionally, Shelley requests that the Court determine that any purported beneficiary designation change was in violation of the 401K Plan and ERISA, and is therefore invalid and of

7

no effect. Finally, Shelley requests that the Court determine that Shelley is owed survivor benefits under the 401K Plan and ERISA.

## V.    PRAYER FOR RELIEF

WHEREFORE, Plaintiff Shelley Jackson prays for the following relief against Defendants eLynx Technologies, LLC, an Oklahoma limited liability company, and Samantha McPheter, an individual:

a.    Actual damages in favor of Shelley and against Defendants, for all claims of relief asserted herein, in an amount to be proven at trial;

b.    An award of the costs of this action, including reasonable attorneys' fees as allowed by law;

c.    A declaration ordering Defendants to provide Shelley with plan documents and information regarding Stephen Jackson's 401K Plan through eLynx;

d.    A declaration determining that the any purported beneficiary designation change without her consent was in violation of the 401K Plan and ERISA;

e.    A declaration determining that Shelley is owed survivor benefits under the 401K Plan and ERISA; and

f.    Any such other relief as the Court deems just and proper.

Respectfully submitted,

*s/Amanda M. Lowe*
Bryan J. Nowlin, OBA #21310
Amanda M. Lowe, OBA #33556
320 South Boston Avenue, Suite 200
**HALL, ESTILL, HARDWICK, GABLE, GOLDEN & NELSON, P.C.**
Tulsa, Oklahoma  74103-3706
Telephone:  (918) 594-0400
Facsimile:  (918) 594-0505
Email:  bnowlin@hallestill.com
alowe@hallestill.com

McLaine DeWitt Herndon, OBA #20674
**MCLAINE DEWITT HERNDON, PLLC**
1756 S. Utica Ave.
Tulsa, OK 74104
Telephone (918) 527-6709

J. Schaad Titus, OBA #9034
**TITUS HILLIS REYNOLDS LOVE**
15 East 5th Street, Suite 3700
Tulsa, OK 74103

**ATTORNEYS FOR PLAINTIFF, SHELLEY JACKSON**

C:\Users\swoods\Documents\ERISA Complaint - Jackson v. eLynx.docx